IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASILIY RUSU AND NATELLA RUSU, | 2:10-cv-01578-GEB-JFM |
| Plaintiffs, | |
| v. | ORDER OF DISMISSAL |
| BANK OF AMERICA, "MERS" MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., RECONTRUST CO., John or Jane DOES 1-1000, Inclusive, | |
| Defendants. | |

Plaintiffs, proceeding *in propria persona*, filed the above-entitled case in the California Sacramento County Superior Court in May of 2010. Defendants removed the case to federal court, following which, the matter was referred to a United States Magistrate Judge under Local Rule 302(c)(21). Defendants filed a Motion to Dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) on July 7, 2010, to which Plaintiffs have not responded.

On November 17, 2010, the magistrate judge filed findings and recommendations herein, which recommend granting Defendants' Motion to Dismiss. (ECF No. 25.) The findings and recommendations, which were served on Plaintiffs, contained notice that any objections to the findings and recommendations were to be filed within fourteen days.

Plaintiffs have not filed objections to the findings and recommendations.

However, the magistrate judge's findings and recommendations will not be adopted in their entirety. Rather, this action will be dismissed with prejudice under Rule 41(b).

## I. BACKGROUND

Notwithstanding Local Rule 230(c), which required Plaintiffs to file an opposition or statement of non-opposition to Defendants' dismissal motion fourteen (14) days prior to the motion hearing date, Plaintiffs did not file any response. Therefore, the magistrate judge issued an order on August 11, 2010, continuing the hearing on Defendants' dismissal motion. (ECF No. 15.) The August 11, 2010 Order notified Plaintiffs of their filing requirement to Defendants' motion under Local Rule 230(c) and required Plaintiffs to file an opposition, if any, to Defendants' dismissal motion no later than September 30, 2010. Id. The order warned Plaintiffs that "[f]ailure to file an opposition . . . [would] be deemed as a statement of non-opposition and [would] result in a recommendation that the action be dismissed pursuant to [Rule] 41(b)." Id. at 2:4-7.

Plaintiffs did not file an opposition by September 30, 2010 as required, and the magistrate judge again continued the hearing on Defendants' dismissal motion in an order filed on October 6, 2010. (ECF No. 19.) The October 6, 2010 Order provided Plaintiffs with an additional opportunity to file an opposition to Defendants' dismissal motion, and again warned Plaintiffs that "[f]ailure to file an opposition [would] be deemed as a statement of non-opposition and shall result in a recommendation that this action be dismissed pursuant

Federal Rule of Civil Procedure 41(b)." Id. at 2:4-6. Plaintiff failed to file an opposition as prescribed by the October 6, 2010 order.

## II. DISCUSSION

District courts may dismiss an action under Rule 41(b) for failure to comply with a Local Rule or a court order. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdick v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding a district court may dismiss an action under Rule 41(b) "for failure to comply with any order of the court"); Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing courts may dismiss an action under Rule 41(b) *sua sponte*). However, since "dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances." Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1991).

When deciding whether to dismiss a case as a sanction under Rule 41(b), "the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

The first factor concerning "the public's interest in expeditious resolution of litigation always favors dismissal." Id. The second factor, i.e. the court's need to manage its docket, also weighs in favor of dismissal in this case. "The Eastern District of California is one of the busiest district courts in the United States, handling hundreds of cases on an annual basis." Reed v. California, No. CV-F-08-

756 OWW/GSA, 2009 WL 637114, at *2 (E.D. Cal. March 11, 2009). Plaintiffs' failure to comply with Local Rule 230(c) and two orders issued by the Court concerning their Complaint has prevented the case from being fully scheduled for resolution since the pleadings are typically final before a case is fully scheduled. See Paqtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (stating "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

The third factor concerning the risk of prejudice to Defendants considers the strength of a plaintiff's excuse for non-compliance. See Paqtalunan, 291 F.3d at 642-43 (stating that "the risk of prejudice [is related] to the plaintiff's reason for defaulting"). The "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642. However, "[t]he law also presumes prejudice from unreasonable delay." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006); see also Paqtalunan, 291 F.3d at 643 ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.") This case has been pending in federal court for over six months and concerns a home loan executed in July of 2004. Further, Plaintiffs have provided no reason for their non-compliance with two court orders and Local Rule 230(c). Therefore, the third factor also favors dismissal.

The fourth factor concerning the public policy favoring disposition of cases on their merits, weighs against dismissal of Plaintiffs' case. Paqtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits").

The fifth factor concerning whether the Court has considered less drastic sanctions, also weighs in favor of dismissal since the magistrate judge provided Plaintiffs with two additional opportunities to file an opposition to Defendants' dismissal motion and explicitly warned Plaintiffs that the failure to file an opposition would result in a recommendation that the action be dismissed. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (stating "explicit discussion of alternatives" is unnecessary where "the court actually *tried* alternatives before dismissing the case," and "a district court's warning to a party" that his inaction will result in dismissal "can satisfy the 'consideration of alternatives' requirement").

Since four of the five factors strongly favor dismissal of this action, Plaintiffs' action is dismissed with prejudice.. See Trice v. Clark County School Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010) (affirming district court's Rule 41(b) dismissal of claims for plaintiff's failure to file an opposition to defendant's dismissal motion with warning that the failure to do so would result in dismissal). Judgment shall be entered in favor of Defendants.

Dated: January 10, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge